[S. F. No. 15466. In Bank.—October 23, 1936.]

ELISE CHENEY, as Administratrix, etc., Respondent, v. THE CITY AND COUNTY OF SAN FRANCISCO EMPLOYEES RETIREMENT SYSTEM et al., Defendants; FLORENCE CHENEY, Appellant.

Morris M. Grupp, Arthur D. Klang and Morgan V. Spicer for Appellant.

Antonio Gaudio for Respondent.

SHENK, J.—The plaintiff, as administratrix of the estate of Thomas Walter Cheney, deceased, commenced an action to quiet title to a fund payable by the City and County of San Francisco out of the employees retirement system fund, pursuant to Ordinance No. 9134, effective January 8, 1932. The defendant, Florence Cheney, the mother of the decedent, filed a cross-complaint alleging that as the named beneficiary of the fund she was entitled to the whole thereof. The plaintiff alleged that the fund was the community property of the decedent and herself and pressed her right thereto as the surviving widow. The trial court by its judgment awarded one-half of the fund to the plaintiff and the other half to the cross-complainant. The latter prosecuted this appeal from the judgment.

The decedent, Thomas Walter Cheney, entered the employ of the City and County of San Francisco on March 17, 1929, and continued therein up to the time of his death on December 15, 1933. The employees retirement system, in effect at the time of his employment and as subsequently amended on January 8, 1932, provided that on the death of the employee his estate or the beneficiary nominated by him should receive his accumulated contributions to the fund and a sum equal to the compensation earned by him during the six months immediately preceding his death.

Cheney married the plaintiff on February 5, 1932. On the same day the spouses entered into a written agreement that any existing debts of one should not be collectible out of any of the property of the other whether acquired or earned before or after their marriage, and that the earnings of each after the marriage should continue to be the separate property of the one so earning. On August 7, 1933, Cheney filed an action for divorce against the plaintiff in which the wife cross-complained. Both the complaint and cross-complaint contained the allegation that there was no community property belonging to the spouses. The court in the divorce action made no finding relative to community property and the interlocutory decree adjudging the right of the wife to a divorce did not include an adjudication relative to community property rights. The interlocutory decree was entered in October, 1933, and in the

following December Cheney died. Upon his death there became payable from the employees retirement fund a death benefit of $1200 plus the accumulated contributions of the decedent amounting to $398.82. The resulting sum of $1598.82 was sought by the mother of the decedent as the nominated beneficiary and by the wife as the surviving widow who claimed that the fund was community property. The trial court found the execution of the prenuptial agreement of the spouses, but also found that the same had been mutually rescinded. It concluded that said sum was community property and that the defendant Florence Cheney was entitled to one-half as the beneficiary named by the decedent and that the plaintiff was entitled to the other half thereof as the surviving widow.

As one of the grounds for reversal it is contended that the plaintiff, as administratrix, was not the proper party to sue and has not the legal right to maintain the action. Aside from the merits of this point, it is presented for the first time on the appeal and for that reason should be disregarded. (Code Civ. Proc., sec. 434; *Bollinger* v. *Bollinger,* 154 Cal. 695, 699 [99 Pac. 196].)

It is the appellant's theory that the sum of $1200 was, as found by the court, "set aside" by the city and county upon the admission of Cheney into its employ on March 17, 1929, and thus that that sum constituted property of the decedent acquired prior to his marriage. The act of "setting aside" such fund did not thereupon vest in the decedent a property right therein. That right did not accrue until the event upon which payment was contingent had occurred. (*Clarke* v. *Reis,* 87 Cal. 543 [25 Pac. 759]; *Pennie* v. *Reis,* 132 U. S. 464 [10 Sup. Ct. 149, 33 L. Ed. 426].) In the present case the contingent event was the death of the employee Cheney. The question, therefore, is whether the interlocutory decree or the written contract of the spouses precludes the plaintiff from pressing her claim to that portion of the fund which was not subject to disposal by the decedent. We are not called upon to determine the effect of a final decree had one been entered in the divorce action. On the death of the husband before the entry of a final decree of divorce, in the absence of any adjudication of the property rights of the

parties by the interlocutory decree, or the settlement of such rights by other existing contract, the interlocutory decree becomes an adjudication only of the right of the prevailing party to a divorce, and the wife becomes the surviving widow with all of the vested rights attendant thereon. (*Estate of Dargie*, 162 Cal. 51 [121 Pac. 320]; *Abbott* v. *Superior Court*, 69 Cal. App. 660 [232 Pac. 154]; *Gloyd* v. *Superior Court*, 44 Cal. App. 39 [185 Pac. 995].) ■ However, in the present case the plaintiff and the decedent had entered into a written contract that after marriage the earnings of each should be the separate property of the spouse so earning, and that neither would make any claim against the earnings of the other. Such a contract is valid and binding on the spouses. (Civ. Code, secs. 158, 159; *Siberell* v. *Siberell*, 214 Cal. 767, 770 [7 Pac. (2d) 1003].) That such is the force of the contract and that the wife has no right to any part of the fund involved if that contract remained effective at the death of the husband appears to be unquestioned. ■ We are perforce committed to the view that the amount payable from the employees retirement system upon the husband's death represented earnings. As such it was community property unless the agreement executed by the husband and wife providing otherwise was still in force. The defendant Florence Cheney contends that there was no evidence to support the finding that the contract had been mutually rescinded. There is no evidence in the record of any rescission of the contract. There appears only the bare conclusion of the witness Elise Cheney, the plaintiff, that the decedent "did not carry out the terms of the agreement". In support of this conclusion proof was offered that checks issued by the husband in payment of "provisions and purchases" were refused payment by the bank and that the wife was compelled to make them good. The ruling of the court sustaining an objection to the introduction of that evidence was proper. That fact did not bear upon the question of mutual rescission or tend to prove a violation of any of the terms of the agreement. The written contract of the spouses stands uncontradicted in the record and in full force at the death of the husband. It therefore determines the character of the fund here involved as the separate property of the decedent. The

nominated beneficiary is therefore, on the record here presented, entitled to the whole thereof.

The judgment is reversed.

Thompson, J., Curtis, J., Langdon, J., Nourse, J., *pro tem.*, Seawell, J., and Waste, C. J., concurred.