STATE OF MISSOURI at the relation of CORA M. GRIFFIN GNECKOW, Relator, v. JEFFERSON D. HOSTETTER, WILLIAM DEE BECKER and EDWARD J. McCULLEN, Judges of the St. Louis Court of Appeals.—105 S. W. (2d) 928.

Court en Banc, June 5, 1937.

*J. M. Massengill* and *John P. Griffin* for relator.

1178

*Blanton & Montgomery* for respondents.

GANTT, J.—Original action in certiorari. Relator seeks to have quashed respondents' opinion in Cora M. Griffin Gneckow v. Metropolitan Life Insurance Company. In that case plaintiff (relator here) sought to recover on defendant's policy on the life of her former husband, Edward L. Griffin. She is named as beneficiary in the policy.

It was ordered that the amount due on the policy be paid into court. The order was made under a bill of interpleader filed by defendant company in which it alleged that both plaintiff and the administrator of the estate of Edward L. Griffin, deceased, claimed the insurance. The defendant company complied with said order and claimants interpleaded, each claiming said insurance.

The policy was issued on June 20, 1916, and plaintiff was named as beneficiary. On October 6, 1926, plaintiff was divorced from insured. The decree embodied a property settlement between plaintiff and her husband, the insured. The administrator contended that the property settlement revoked the name of plaintiff as beneficiary in the policy; that plaintiff having accepted property under the settlement was estopped to claim the insurance; and that on the death of Edward L. Griffin, April 23, 1933, the insurance became payable to his estate. Plaintiff contended that in granting the divorce the court was without jurisdiction to decree to her specific property; that the insurance was not property in the sense mentioned in said decree, and that on the death of said Griffin the insurance became payable to her as beneficiary under the policy.

Over plaintiff's objections, the chancellor below permitted witnesses to testify that after the divorce the insured said that the divorce decree was a complete settlement of all property rights between plaintiff

and himself, including all claims of plaintiff on his insurance, and that he considered said insurance payable to his estate. The respondents ruled the question as follows:

"Appellant herself did not appear at the trial of the instant case, but respondent (administrator of the estate of insured) testified himself, and introduced the testimony of witnesses, who knew the insured in his lifetime, to the effect that the insured regarded the divorce decree as a complete and absolute settlement between himself and the appellant of all their property rights and obligations, of all of appellant's claims upon him, or upon any of his insurance, and that the insured regarded the policy involved herein and other insurance which he had obtained after the divorce as being payable to his estate for the benefit of his creditors whom he desired to be paid in full. . . .

"Appellant complains of the admission of the testimony above referred to on the ground that it was hearsay in that it related to comments on what the insured thought the effect of the divorce decree was: that the decree of divorce itself was the best evidence, and that the effect or construction thereof was a question of law for the court. The effect of the decree was, of course, a question for the court but this was not a jury tried case and we think the Judge acted properly in permitting such evidence to be introduced. It enabled him to understand the situation and condition of the parties, the circumstances surrounding them at the time of the divorce proceedings in 1926 and thereby determine their intention in making the agreement and property settlement which was embodied in the judgment of the court in granting appellant a divorce and in awarding her alimony in gross."

Thus it appears that respondents gave consideration to said testimony in ruling the case. Relator contends that this was in conflict with decisions of this court as follows: Baker v. Keet-Rountree D. G. Co., 318 Mo. 969, 2 S. W. (2d) 733, l. c. 742; McFarland v. Bishop, 282 Mo. 534, l. c. 551, 222 S. W. 143; O'Day v. Annex Realty Co., 191 S. W. 41, l. c. 46; Pursifull v. Pursifull, 257 S. W. 117, l. c. 118; Townsend v. Schaden, 275 Mo. 227, l. c. 244, 204 S. W. 1076. The contention must be sustained. The testimony was hearsay and incompetent, and the ruling of respondents on same was in conflict with the above-cited cases. In ruling the case respondents should disregard said testimony. It follows the opinion should be quashed. It is so ordered. All concur.