*933 OPINION.
Van Fossan:
The sole question for consideration is whether, or not the agreement of February 28, 1929, converted petitioner’s earnings for personal services from community property- to his own separate property. Petitioner contends that-the' wife reserved a, right in the community property and that the community was not’ *934 destroyed by the agreement. He maintains that the wife retained her community interest in a portion of his earnings and, hence, that interest is not taxable to petitioner. Kespondent, on the other hand, argues that the agreement substituted a new right in petitioner’s wife in lieu of her community rights and, therefore, petitioner should be taxed upon his entire earnings during the taxable years.
In the absence of agreement to the contrary, petitioner’s earnings during the taxable years would have been community property. California Civil Code, sec. 161a, 162-164. Nor is the fact that petitioner and his wife were separated material. Brown v. Brown, 170 Cal. 1; 147 Pac. 1168. Community income earned and received after 1927 must be returned one-half by the husband and one-lialf by the wife. United States v. Malcolm,, 282 U. S. 792. Under California law, a husband and wife may enter into a contract with each other respecting property. California Civil Code, sec. 158. Such a contract may apply to community property. Cheney v. City & County of San Francisco, 7 Cal. (2d) 565; 61 Pac. (2d) 754. Thus, under local law, petitioner’s wife might enter into a contract changing her rights in the community.
For purposes of income tax, effect will be given to contracts abrogating community rights. Helvering v. Hickman, 70 Fed. (2d) 985. Having determined that petitioner and his wife might, by contract, convert petitioner’s earnings from community property to his own separate property, we now inquire as to the effect of the agreement of February 28, 1929.
The petitioner and respondent base their respective arguments mainly on divergent interpretations of paragraph 6 of the agreement, which is set forth in our findings of fact. Petitioner contends that the wife reserved a portion of her community rights by virtue of this paragraph. Upon examination of the agreement as a whole, we conclude that respondent correctly determined that the parties intended to, and did in fact, terminate the community status. The wife excepted from her release only her right to receive 25 percent of petitioner’s earnings and the community property consisting of the shares of stock, real estate, and insurance policies which petitioner agreed should become the separate property of the wife. Here there is no reservation of a community interest by the wife. She released all her rights except a stipulated portion of petitioner’s salary and her ownership of specifically described property turned over to her by this very agreement. She accepted, in lieu of her community interests, an assignment of 25 percent of petitioner’s earnings, not to fall below a specified minimum. In the year 1934 the practical effect of the agreement was to give the wife all but $507.20 of petitioner’s earnings. This was far in excess of *935 any community interest which petitioner’s wife might have under the California law. In our opinion the agreement converted petitioner’s earnings during the taxable years from community property to his own separate property.
Assignment of earnings does not preclude taxation of those earnings to the assignor. Lucas v. Earl, 281 U. S. 111. Accordingly, we hold that all of petitioner’s earnings are includible in his gross income for the taxable years.

Decision will be entered umder Rule 50.