## VAN DYKE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9728.

Circuit Court of Appeals, Ninth Circuit.

June 16, 1941.

---

Mabel Walker Willebrandt, of Washington, D. C., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Lee A. Jackson, and Warner W. Gardner, Sp. Assts. to Atty. Gen., for respondent.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Petitioner, W. S. Van Dyke, seeks reversal of a decision of the Board of Tax Appeals which determined that there was a deficiency of $31,273.72 in respect of petitioner's income tax for 1935.

The question is whether, as claimed by petitioner, salary earned and received by him after a property settlement with his wife, Zina Bertha Van Dyke, on January 7, 1935, was community property and therefore taxable one-half to each spouse, or whether, as claimed by respondent, the Commissioner of Internal Revenue, such salary was the separate property of petitioner and therefore taxable to him alone.

Petitioner and his wife were, at all pertinent times, domiciled in California. On January 7, 1935, they made an agreement adjusting and settling their financial affairs and property rights. Thereby petitioner's wife "relinquished and surrendered forever all claims of every nature" which she then had or might thereafter acquire against any property which petitioner then had or might thereafter acquire. Thereafter, on January 29, 1936, petitioner and his wife were divorced.

Salary earned and received by petitioner before January 7, 1935, was community property in which he and his wife had present, existing and equal interests (California Civil Code, §§ 161a to 164, 169, 687) and was therefore taxable one-half to each spouse. United States v. Malcolm, 282 U.S. 792, 794, 51 S.Ct. 184, 75 L.Ed. 714. See, also, Poe v. Seaborn, 282 U.S. 101, 108-118, 51 S.Ct. 58, 75 L.Ed. 239; Goodell v. Koch, 282 U.S. 118, 120-122, 51 S.Ct. 62, 75 L.Ed. 247; Hopkins v. Bacon, 282 U.S. 122, 125-127, 51 S.Ct. 62, 75 L.Ed. 249; Bender v. Pfaff, 282 U.S. 127, 130-132, 51 S.Ct. 64, 75 L.Ed. 252.

The agreement of January 7, 1935, could not and did not change the marital status of petitioner and his wife, but it could and did change the status of their property, including future earnings, from community property to separate property. California Civil Code, §§ 158–160; Wren v. Wren, 100 Cal. 276, 279, 34 P. 775, 38 Am.St.Rep. 287; In re Davis' Estate, 106 Cal. 453, 455, 39 P. 756; Kaltschmidt v. Weber, 145 Cal. 596, 599, 79 P. 272; Perkins v. Sunset Tel. & Tel. Co., 155 Cal. 712, 719, 103 P. 190; Cullen v. Bisbee, 168 Cal. 695, 698, 144 P. 968; Cheney v. San Fran-

cisco Employees Retirement System, 7 Cal. 2d 565, 569, 61 P.2d 754.

■ Accordingly the Board held, and rightly so, that salary earned and received by petitioner after January 7, 1935, was his separate property and therefore taxable to him alone. Helvering v. Hickman, 9 Cir., 70 F.2d 985, 986; Van Every v. Commissioner, 9 Cir., 108 F.2d 650, 651; Sparkman v. Commissioner, 9 Cir., 112 F.2d 774, 776, 777; Boland v. Commissioner, 9 Cir., 118 F.2d 622, 624.

The above cited sections of the California Civil Code were enacted and the Wren, Davis, Kaltschmidt, Perkins and Cullen cases, supra, were decided before 1931. Nevertheless, in 1931 and 1932, counsel for the Bureau of Internal Revenue advised the Commissioner—erroneously—that a property agreement between spouses domiciled in California similar to the agreement here involved did not preclude the taxation of their subsequent earnings as community property. G.C.M. 9938, 9953. This erroneous advice was repeated in 1935, notwithstanding our decision (May 14, 1934) in Helvering v. Hickman, supra. G.C.M. 14198. The memoranda containing this erroneous advice were "revoked" in 1937. G.C.M. 18884.

Meanwhile, in 1936, petitioner had filed his income tax return for 1935, wherein he reported as taxable income one-half only of the salary earned and received by him after January 7, 1935. This he did upon the theory that, notwithstanding the agreement of January 7, 1935, salary earned and received by him after that date was community property—a theory which, as heretofore shown, was and is contrary to the law of California. Rejecting this theory, respondent and the Board correctly determined that all salary received by petitioner after January 7, 1935, was his separate property and therefore taxable to him alone.

■ It is immaterial, if true, that petitioner relied on the erroneous advice contained in G.C.M. 9938, 9953 and 14198. These memoranda were not, as petitioner supposes, rules or regulations having the force of statutes. They were merely communications from counsel to the Commissioner. The advice they contained was for the Commissioner's, not petitioner's guidance. If petitioner relied on it, he did so at his peril.

Decision affirmed.