[Civ. No. 4705. Fourth Dist. Nov. 6, 1953.]

CLARENCE R. NICHOLS, as Special Administrator, etc., Appellant, v. BOARD OF RETIREMENT OF ORANGE COUNTY et al., Respondents.

Samuel Hurwitz and Arthur M. Bradley for Appellant.

William P. Webb, Webb & Lae and Kaufman & Kaufman for Respondents.

GRIFFIN, J.—Clarence R. Nichols, as special administrator of the estate of Caryl R. Nichols, deceased, appeals from a judgment rendered in favor of defendant Ellen Jane Nichols. Both parties were claimants of $2,677.95, being the benefits payable from the Orange County Employees' Association by reason of the death of Caryl R. Nichols. Most of the facts were stipulated to in the trial court. Defendant Ellen Jane Nichols and Caryl were married May 18, 1946. On May 1st, 1947, he became a member of the retirement association and remained such until his death on July 14, 1951. He executed and filed with the board a designation that his wife, Ellen Jane, be the beneficiary of any benefits to become due thereunder. On October 12, 1950, the parties executed a property settlement agreement which made no specific mention of the benefits which had or might accrue under his rights of membership in the association, nor did it in any manner refer to or endeavor to change the name of the beneficiary thereunder. On October 25, 1950, Caryl was granted an interlocutory decree of divorce from Ellen Jane, and the property settlement agreement was made a part of it. On July 12, 1951, decedent attempted to make a will, leaving his entire estate to Ellen Jane, which will specifically included the death benefits accumulated, but it was denied probate for lack of attestation by witnesses. On July 14, 1951, he died. The property specially mentioned in the property settlement agreement had been divided between the parties and Caryl's estate was probated. Plaintiff, as special administrator, is now claiming, as against Ellen Jane, the Board of Retirement of Orange County, and other defendants, the proceeds of the death benefits due, under the theory that by the property settlement agreement Ellen Jane relinquished or forfeited her interest therein, as beneficiary, and therefore any accumulations thereunder were payable to Caryl's estate, citing such cases as *Cheney* v. *City & County of San Francisco Emp. R. System*, 7 Cal.2d 565 [61 P.2d 754] ; and *Sullivan* v. *Union Oil Co.*, 16 Cal.2d 229 [105 P.2d 922].

It is plaintiff's claim that the trial court's finding that Ellen Jane Nichols, at no time, either by the terms of the property settlement agreement or otherwise, agreed to a waiver as beneficiary of any death or retirement benefits to be paid to her under its terms, that she was the owner of the whole of the benefits payable thereunder by reason of Caryl's death, and ordering the other defendants in control of it to pay it over to her, is not supported by the evidence.

The fund here involved is a death benefit payable under the County Employees Retirement Law of 1937 (Gov. Code, § 31450 et seq.) Under its provisions, section 31780, the retirement system is liable for a death benefit which shall be paid to his estate or to such person as he nominates by written designation duly executed and filed with the board. It is agreed that no change in the name of Ellen Jane as the named beneficiary was ever made by deceased, and in the absence of any contrary provision of the property settlement agreement, the same would have been payable to her. The property settlement agreement is quite lengthy. The parties agreed that "Said parties are desirous of having a full and final adjustment and settlement of all their property rights and interests between them, and of no longer, or at all, having or *owing* any common, community, joint interest in any property of any kind, nature or description whatsoever"; that their community property would be divided between them in the manner set forth. The wife assigned to her husband as his sole and separate property all her right, title and interest in certain described real and personal property, and no mention is there made of the proceeds of the retirement fund involved. Then the husband assigned to his wife his interest in specific personal property. Then follows paragraph 7, in which it is provided that "the earnings and/or any property; real or personal, hereafter acquired by either party hereto shall be the separate property of the party so earning and/or acquiring the same; it is distinctly understood and agreed that all earnings of either party in the future, and all property of every kind and nature which either may acquire in the future by any manner or means, shall be and become the sole and separate property of the party so acquiring the same. Neither party hereto shall hereafter claim, or assert, that any property standing in the name of the other party, or under his or her control, is community property, and from the date hereof, except as otherwise herein provided, all property standing in the name of either of the parties hereto

or under his or her control, shall be deemed and considered to be the sole and separate property of the party in whose name it stands and under whose control it is; . . . that they will each execute and deliver any and all written instruments reasonably necessary and proper to carry into effect the stipulations and agreements herein contained. . . .''

It is paragraph 7, when construed in connection with the other paragraphs mentioned, that convinces plaintiff that Ellen Jane waived any rights to the proceeds of the fund mentioned. We do not so construe that paragraph. The whole question involved is whether she waived her rights as beneficiary even though it may be questioned whether she may have waived any community property rights she may have had in and to the proceeds of the fund.

In *Grimm* v. *Grimm*, 26 Cal.2d 173, 175 [157 P.2d 841], it was held that a wife can release her community interest in an insurance policy and still be a beneficiary ·thereof. That case pointed out, however, that a wife would not be entitled to such proceeds if the parties agreed that no rights were to accrue to her, even though she remained the beneficiary at the time of the husband's death; that the question remains whether the spouses agreed not only that the policy should become the separate property of the husband but that no rights should accrue to plaintiff even though she remained the beneficiary at the time of the husband's death.

In *Cheney* v. *City & County of San Francisco Emp. R. System, supra,* relied upon by appellant, the written contract of the spouses determined the character of the fund there involved to be the separate property of the decedent. Nevertheless, it was held that the nominated beneficiary, the mother, was entitled to the funds.

In *Shaw* v. *Board of Administration,* 109 Cal.App.2d 770 [241 P.2d 635], it was likewise held that if the wife effects a release of her community property interest and the husband revokes his designation of her as a beneficiary, she has no right to the insurance proceeds on his death, but that if he fails to revoke his designation of her as beneficiary, as he did in the instant case, she is entitled, like any other beneficiary, to the proceeds of the property on his death. It was there held that the petitioner then takes the death benefit not by reason of any community interest she may have had in the amount paid to the system prior to the divorce decree, but by virtue of being the named beneficiary.

■ Generally speaking, the provisions of the act providing for death benefits are similar to a contract of life insurance, to be governed by principles applicable to such contracts. (*Shaw* v. *Board of Administration, supra,* and cases there cited.)

■ In the instant case Ellen Jane, as the wife of decedent employee, had an insurable interest in his life at the time she was designated and up until his death. (Ins. Code, § 10110; *Jenkins* v. *Jenkins,* 112 Cal.App. 402 [297 P. 56]; *Sullivan* v. *Union Oil Co., supra,* p. 237. It should be here particularly noted that the nomination of a beneficiary and the revocation thereof are expressly governed by the Retirement Law of 1937 (Gov. Code, §§ 31780 and 31782.) No revocation, as required by the act, was filed by Caryl.

In *Shaw* v. *Board of Administration, supra,* similar sections of the State Employees' Retirement Law (Gov. Code, § 20000 et seq.) were under consideration. There it was held that the unrevoked designation of a beneficiary, provided such person had an insurable interest, required payment to the named beneficiary. In the Sullivan case, relied upon by plaintiff, there were no such statutory regulations governing the designation or revocation of a beneficiary. It should also be noted that in that case the property in question was being considered by the parties, and all the pertinent facts were in their minds. The respective rights and the desired disposition of the fund were couched in more specific terms, and there the wife expressly released her interest in the fund.

■■ We conclude that the court, in the instant action, was justified in interpreting the property settlement agreement in accordance with its terms and the intent of the parties, as indicated and as found by it. It is the rule that general expressions or clauses in such agreements are not to be construed as including an assignment or denunciation of expectancies and that a beneficiary therefore retains his status under the instrument in question if it does not clearly appear from the agreement that in addition to the segregation of the property of the spouses it was intended to deprive either spouse of the right to take property under an insurance contract of the other or by will; that a contract constitutes an equitable assignment or renunciation to expectancy only if it expressly or by necessary implication so provides. (*Grimm* v. *Grimm, supra.*)

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.