[Civ. No. 21520.   Second Dist., Div. Two.   May 16, 1956.]

DORA B. WICKTOR, Respondent, v. COUNTY OF LOS
ANGELES et al., Appellants.

Harold W. Kennedy, County Counsel, and Edward H. Gaylord, Deputy County Counsel, for Appellants.

S. V. O. Prichard for Respondent.

MOORE, P. J.—Respondent is the widow of Dr. Carl Edward Wicktor, an employee of Los Angeles County from June 8, 1925, until his death on October 27, 1953. Also, he was a member of the Los Angeles County Employees' Retirement System as created by law. (Stats. 1919, p. 782, Act 5841, Deering's Gen. Laws; Stats. 1937, chap. 677, p. 1898; Gov. Code, § 31500 et seq.) The law in effect at the time of death of the doctor provided that the widow of a county employee might receive as a pension 60 per cent of the amount to which he would be entitled had the doctor retired on the date of his death. (Gov. Code, § 31765.1.)

Claiming that her husband had designated her as the beneficiary of the retirement benefits and that the retirement board had misplaced his designation and had refused to recognize respondent as such beneficiary, respondent filed this action for a writ of mandate to compel appellants to pay her "the amount to which she would be entitled had the said Carl Edward Wicktor retired on the date of his death with a retirement allowance."

The court found all of the allegations of the petition true and directed the issuance of a peremptory writ of mandate requiring appellants to pay respondent a retirement allowance of 60 per cent of the amount to which he would have been entitled "had said Carl Edward Wicktor retired on the date of his death with a retirement allowance not modified in accordance with one of the optional settlements specified in Article II of the Los Angeles County Employees Retirement Act, which said amount of retirement allowance was and is the sum of $204.67 per month."

The controversy arose from the fact that no record was found of Dr. Wicktor's having designated his wife as his beneficiary. On the contrary, a card was found in the treasurer's office whereby the doctor had designated Mrs. Orrin Shoop as his beneficiary. Respondent was thus, at the threshold of her action, handicapped by the absence of a designation of herself as the beneficiary and by the recorded desire of the doctor that his sister, Mrs. Shoop, receive the benefits of his long service to the county. The situation inspired the exertion of Herculean efforts by respondent to make proof of decedent's designation of her as his beneficiary by circumstantial and hearsay evidence.

Respondent testified that after her marriage, she had a conversation with her husband in 1931; he told her of his

county retirement and that it was his intention to change the beneficiary; now that he was married, he desired his wife to be the beneficiary of his retirement; subsequently, in the same year he told her he had filed with the retirement system a designation of her as his beneficiary and that all arrangements had been completed and she "was now officially the beneficiary on his retirement setup." She testified, also, that the doctor had made calculations as to the amount of monthly payments she would receive. Dr. Schofield also testified to having witnessed decedent's calculations as to the pension his widow would receive.

The objections to such testimony were: (1) if introduced to show that decedent believed he had changed his beneficiary, it is incompetent and immaterial; (2) if it was introduced to prove that the doctor had changed his beneficiary, it is inadmissible as hearsay.

Such objections should have been sustained. ■ Where a statute or a contract requires that the investment of a person with valuable rights or benefits be done by a specific method, adherence thereto is indispensable to the effective transfer of such rights. (Gov. Code, § 31780.) ■ The mere intention to change the beneficiary of a life insurance policy cannot effect such change. (*Supreme Lodge of Fraternal Brotherhood* v. *Price,* 27 Cal.App. 607, 616 [150 P. 803]; *Kell* v. *United States,* 202 F.2d 143, 144; *Butler* v. *Butler,* 177 F.2d 471, 472.) ■ The cited authorities are peculiarly pertinent for the reason that the County Employees' Retirement Act of 1937 "providing for death benefits are similar to a contract of life insurance, to be governed by principles applicable to such contracts." (*Nichols* v. *Board of Retirement,* 121 Cal.App.2d 176, 180 [262 P.2d 862].) ■ Inasmuch as decedent made no written declaration of a change of beneficiary to the county treasurer or to an official of the retirement board and did not make any assignment of interest to his wife, the quoted testimony of his wishes is immaterial and the testimony that he had filed a designation of respondent as his beneficiary is hearsay and neither advances her cause.

■ Respondent proved that after her marriage she and her husband made mutual wills whereby each gave the other all his or her property and the doctor changed his life insurance policy, naming respondent as his beneficiary. From such events and the writing of the doctor showing his calculations of 60 per cent of his final salary as provided by section 31765.1 of the Government Code, she argues that de-

cedent's intention to make her his beneficiary was by documentary evidence clearly proved. No such finding necessarily follows from that evidence. Giving her all his property and insurance might have been a good reason in his mind to let another have the benefits of his retirement allowance. ■ Also, the act of Mrs. Shoop in rejecting the pension and in insisting that it belonged to respondent was immaterial. It proves nothing as to the wishes of decedent and does not bear in the slightest upon his failure to designate his wife as his beneficiary.

■ The asserted declarations of the doctor, expressing his desires or his aims are not valid substitutes for his designation of respondent in the manner provided by law. (Gov. Code, § 31782.) ■ Section 1853 of the Code of Civil Procedure authorizes the use of a decedent's declaration only when it is against the pecuniary interest of himself or of his successor in interest. To the same effect is section 1870. Unless his declaration or omission was against his interest, it is pure hearsay. ■ The express statutory provision for receiving declarations against interest excludes all others. (*Collins* v. *City & County of San Francisco,* 112 Cal.App.2d 719, 731 [247 P.2d 362].) ■ It cannot with reason be concluded that the naming of respondent as his beneficiary was against his interest. No restriction is provided against a county employee's change of beneficiary. If he can change his beneficiary daily, he suffered no detriment in making respondent his beneficiary at the time he is reputed to have done so. ■ Declarations made by an alleged testator before or after the date of the paper are not declarations against interest, because they can have no effect upon his interest. *Throckmorton* v. *Holt,* 180 U.S. 552, 578 [21 S.Ct. 474, 45 L.Ed. 663] ; see *Estate of Thomas,* 155 Cal. 488, 495 [101 P. 798].)

■ The inefficacy of testimony offered to prove that a decedent had intended to or that he did change his beneficiary or that he had revoked his will or that he had been fraudulently induced to make a will is universally held. (*State ex rel. Gneckow* v. *Hostetter,* 340 Mo. 1177 [105 S.W.2d 928, 929] ; *Butler* v. *Butler,* 177 F.2d 471, 472; *Estate of Thompson,* 185 Cal. 763, 767 [198 P. 795] ; *Estate of Anderson,* 185 Cal. 700, 718 [198 P. 407] ; *Estate of Ricks,* 160 Cal. 467, 485 [117 P. 539] ; *Estate of Gregory,* 133 Cal. 131, 138 [65 P. 315] ; *Estate of James,* 124 Cal. 653, 660 [57 P. 578, 1008] ; *In re Kennedy's Will,* 167 N.Y. 163 [60 N.E. 442,

598

444] ; *Campbell* v. *Henley,* 172 Tenn. 135 [110 S.W.2d 329, 331] ; *Brownfield* v. *Brownfield,* —— Mo. —— [249 S.W.2d 389, 391, 41 A.L.R.2d 387, 391].) Testimony of the declarations of a decedent cannot suffice for the testimony of one witness where the statute requires two witnesses. (*Estate of Thompson, supra,* 767.) Evidence of the declarations of a testatrix, purporting to be declarations of the acts of others is hearsay. (*In re Calkins,* 112 Cal. 296, 300 [44 P. 577].) Declarations of a testator as to the fact of his signature are hearsay. (*Estate of James, supra,* 660.) Declarations of a deceased person are not competent to prove that he has made a will or to prove its continued existence. (*In re Kennedy's Will, supra,* 167 N.Y. 163 [60 N.E. 442, 444].)

The trial court overruled appellants' objections to the hearsay testimony introduced by respondent to prove that decedent had designated her as his beneficiary on the strength of *Whitlow* v. *Durst,* 20 Cal.2d 523, 524 [127 P.2d 530]. That decision is inapt and not pertinent. The point at issue there was the state of mind of the deceased husband with reference to a reconciliation between him and his wife. Evidence had been received to show there had been no reconciliation. Thereupon it was proper to prove his declarations that they were still separated and would never be reconciled for the reason that "when intent is a material element of a disputed fact, declarations of a decedent made after as well as before an alleged act that indicate the intent with which he performed the act are admissible in evidence as an exception to the hearsay rule." Such ruling was rational and sound. A reconciliation depends upon the mental attitude of both parties to the rift.

Because she is entitled to one-half of that portion of the death benefit representing community property even in the absence of a waiver by Mrs. Shoop, respondent contends that she was by law designated as beneficiary even in the absence of an affirmative action by her husband. Such is not a fair construction of section 31765.1 which indicates that an affirmative act must be done to designate one as the beneficiary. If one's right to be the beneficiary were created by virtue of the kinship or the conjugal relationship of the claimant to the decedent the provision for a designation would have been omitted. The word derives from the Latin verb *designare,* meaning to form a plan in the mind of something to be done. By the "designation" of a bene-

ficiary, the Legislature evidently meant the express, positive act of the member's specifying and naming some particular person, and by "changing" beneficiaries, the lawmakers could refer only to the act of naming and specifying some person other than that previously designated. (Gov. Code, §§ 31765.1 and 31780; see *Hanson* v. *Minnesota Scandinavian Relief Assn.*, 59 Minn. 123 [60 N.W. 1091, 1093].)

Because the act provides that the death benefit of a member of the retirement sysem "shall be paid to his estate or to such person as he nominates by written designation duly executed and filed with the Board" (Gov. Code, § 31780), the conclusion is unavoidable that the hearsay declarations of decedent cannot be substituted for a "written designation duly executed and filed with the Board." It would be unnecessary to observe that the verb designate in section 31780 has the same significance that it has in section 31765.1. (*Stillwell* v. *State Bar*, 29 Cal.2d 119, 123 [173 P.2d 313].)

Respondent contends that the written refusal of Mrs. Shoop to accept retirement benefits accorded to her after Dr. Wicktor's death, is an admission that respondent was the designated beneficiary. Such act of Mrs. Shoop has no evidentiary value on the issues raised by the pleadings. Mrs. Shoop might have opposed her brother's generosity at the time he filed the document designating her. Inasmuch as a declaration against interest refers here to only such declarations of decedent (*West Coast Life Ins. Co.* v. *Crawford*, 58 Cal.App.2d 771, 784 [138 P.2d 384]), the dramatic interposition of Mrs. Shoop's rejection of the benefit is nothing other than a legal conclusion of Mrs. Shoop and is not therefore within the exception to the hearsay rule, allowing declarations against interest.

The communication of Mrs. Shoop with the county treasurer rejecting the pension provided for her by deceased cannot be regarded as an assignment of her rights, for the reason that such a right is unassignable. (Gov. Code, § 31452; see *Hecht* v. *Whelan*, 174 Misc. 146 [18 N.Y.S.2d 488, 490].)

The judgment is reversed.

Fox, J., and Ashburn, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 11, 1956. Carter, J., was of the opinion that the petition should be granted.