[Civ. No. 17692.   First Dist., Div. Two.   Feb. 17, 1958.]

GEORGINA YOULE REDINGLER, Appellant, v. INA MAE
YOULE et al., Respondents.

Maurice H. Roach and James J. Kirby for Appellant.

Willard W. Shea for Respondents.

KAUFMAN, P. J.—This is a controversy relating to death benefits under the County Employees Retirement Law, Government Code, sections 31450-31822, between Georgina Youle, the former wife of the deceased, appellant, Adrian A. Youle, and Ina Mae Youle, also known as Ina Mae Brown, his common-law wife, and Eudora M. Hutt, the administratrix of the estate, respondents herein.

Adrian A. Youle and the appellant were married on January 11, 1941. Trouble developed in the marriage as early as 1943. In February 1945, the deceased moved to the home of his sister, Mrs. Fritz, at 3447 Louise Street in Oakland. Georgina Youle "was supposed to go there and live but did not go." She remained in her apartment at 1473 - 8th Street with her daughter; the deceased had a key to the apartment and occasionally spent time with her and the child. Appellant's complaint for divorce, filed in August 1946, stated that she and her husband separated in March 1946.

On March 11, 1945, about a month after the death of Mrs. Fritz, the respondent, then known as Ina Mae Brown, moved in as the decedent's housekeeper and continued to live there with him until his death on February 7, 1955. On April 4, 1946, she signed an installment note with Adrian A. Youle as "Mrs. Ina M. Youle" and on other occasions used the name on business matters.

In December 1947, a property settlement agreement settling all property rights between Adrian A. Youle and Georgina Youle was prepared by her attorney, signed by both parties, and appended to the interlocutory decree of divorce which was rendered on March 15, 1948. The property agreement stated that the parties waived all rights resulting from the marriage relationship and that all property subsequently acquired was to be the separate property of the parties. The final decree was entered on April 1, 1949.

The decedent, Adrian A. Youle, was employed by Alameda County from July 16, 1946, until his death in 1955. On January 20, 1948, the decedent filed the following confidential "Beneficiary Information" with the Retirement Board:

"Name of Beneficiary: Georginia Mae Youle, Relationship of Beneficiary: Wife, Address of Beneficiary: 3447 Louise Street, Oakland, California."

No subsequent designation of beneficiary was filed with the retirement board.

After the death of Adrian A. Youle, the appellant filed a claim for the death benefits with the retirement board. Charles B. Coit, Treasurer of Alameda County filed his affidavit for interpleader stating that Ina M. Youle had given notice that she was entitled to the death benefits as the putative wife of Adrian A. Youle. An order of interpleader substituting parties defendant was made and the sum of $4,004.14 was deposited with the county clerk of Alameda County. Thereafter, the respondent filed her answer and cross-complaint in interpleader, alleging the divorce and property settlement agreement; that on or about September 13, 1951, the decedent had attempted to change the designated beneficiary and that the respondent was entitled to the death benefits as the putative spouse of Adrian A. Youle. Appellant filed her answer, and the case went to trial on the issues thus established.

At the trial, both sides were surprised by the "Beneficiary Information" filed with the retirement board, a confidential record which neither side had seen until the trial. The following took place:

"MR. SHEA: Right now I'm changing my position your Honor. My client was attempting to—Adrian A. Youle was then attempting to designate my client as a beneficiary. Her name—she had been going under the name of 'Ina Mae Youle.'

"THE COURT: In other words, you're relying on the similarity of the middle name?

"MR. SHEA: Middle name and the address. She resided at '3—' — whatever that address was. That was her address, and not the address of Georgina.

"THE COURT: All right. All right.

"MR. KLIPPERT: Am I excused, Judge?

"MR. KIRBY: The designation there is 'Wife' as I understand.

"MR. KLIPPERT: That is right.

"THE COURT: All right. And the Court will have to determine from the date and all the other circumstances what was meant."

The court then permitted the respondent to amend the pleadings in the following language, to which no objection was made by the appellant:

"THE COURT: Well, it is my understanding that the only basis upon which there is recovery is where the joint efforts have produced some community property, joint savings and services of a housekeeper are given a share in community property—in some cases. But I understand Mr. Shea's present position would have to be set forth in an amendment to his complaint, in which he now claims, as a result of this information obtained this morning relative to designation of beneficiary, that the decedent actually designated the plaintiff, or—no, actually designated Ina Mae Brown, or Youle, as the beneficiary; that that's what he attempted to do at the date of the designation.

"MR. SHEA: That is correct. That is correct.

"THE COURT: Now, that, of course, is a question of fact, and the amendment will be permitted, because I can't very well blame Mr. Shea for not having the information that the Department considered confidential until they disclosed that information this morning. So you may amend the—your pleading, and it will be deemed denied by the other parties, so that that issue of fact will be squarely presented, and the Court will have to puzzle out what the decedent was thinking at the time he was giving, admittedly—admittedly the information he gave to the party who filled out that form for him, which he signed. And I presume from the situation that that was how it was accomplished, it was not accurate, because Georgina's name was not accurately, neither was Ina Mae's name accurately given."

Respondent filed her amended answer on July 6th and on

October 23, the court rendered a memorandum decision which stated as follows:

"The evidence shows that even prior to the filing of the divorce action decedent and Ina Mae Youle were living together and holding themselves out to the public as husband and wife; that they signed a promissory note as such in April, 1946; that they resided at 3447 Louise Street, an address which had never been occupied by plaintiff.

"The evidence shows that the decedent was illiterate, and in all probability in filling out the questionaire received clerical assistance from those in charge of administering the retirement plan. His employment antedated the questioned document, and the Court will infer that his employer had been previously informed of the name of his lawful wife and his new address. When he was required by his employer to designate a beneficiary he was placed in a dilemma. From the evidence of the divorce action in which he disputed the paternity of his wife's child, and their mutual releases of obligations of support, the Court will infer that he had no desire to provide financially for his wife. There is no evidence in the record to indicate an inference to the contrary. The Court will also infer that he had no desire to explain the true situation to the representative of his employer. It would appear that he made the same representation to that person that he had made to the bank and others, i.e., that Ina Mae Youle, who appeared to have customarily used that middle name as a part of her name, was his wife. The Court will also infer that the party assisting him with the record that his wife's name was "Georgina," assumed that the name "Ina" supplied by the decedent was an abbreviation of the full legal name, and wrote it in accordingly, and the decedent either failed to notice the name as written or preferred to remain silent and avoid embarrassing explanations. The name "Mae" was undoubtedly furnished by decedent, and to disregard that significant fact would be to fail to give effect to his intent.

"The court is aware of authorities which in a like situation have preferred the lawful spouse over the 'other woman,' but feels that it has no alternative except to decide the question of fact in accordance with the preponderance of evidence. While this Court ordinarily in divorce actions requires a father to maintain his minor children as beneficiaries of his insurance, and would prefer to see such a result, it feels that under the evidence no judgment can be rendered except in

favor of the defendant Ina Mae Youle, and her counsel are requested to prepare findings accordingly."

Findings of fact and conclusions of law were served on the appellant on October 30, 1956, and judgment rendered in favor of the respondent on November 19th.

This appeal is taken from that judgment, on the following grounds: (1) that there is no competent evidence that the decedent designated the respondent as the beneficiary, (2) that the trial court erred in permitting respondent to amend his pleadings to conform to the proof and thereby deny a fact admitted in the answer, (3) that the judgment is not supported by the findings and not authorized by the pleadings.

As to the first issue, we think the well-reasoned memorandum decision of the trial court, a portion of which is quoted above, adequately summarizes the evidence in support of the judgment. As recently stated in *Burke* v. *Chrostowski,* 46 Cal.2d 444 at page 449 [296 P.2d 545]:

". . . The choice of conflicting inferences to be drawn from the evidence was for the trial court to make, and its determination based on the inferences drawn will not be disturbed on appeal."

Appellant relies on *Nichols* v. *Board of Retirement,* 121 Cal.App.2d 176 [262 P.2d 862] and *Wicktor* v. *County of Los Angeles,* 141 Cal.App.2d 592 [297 P.2d 115], neither of which is applicable here. In the Nichols case, a clear and unambiguous designation of the wife as beneficiary had been filed. After the divorce, the deceased had made an invalid will, leaving all his property to his divorced wife. The court, in affirming the judgment in favor of the former wife, held that the wife had not relinquished her right as a beneficiary in the property settlement made at the time of the divorce. In the Wicktor case, the deceased had made a clear, unambiguous designation of his sister as the beneficiary of his death benefits. The court admitted evidence which sought to prove that the decedent had intended to make a change of the designation in favor of his wife. In reversing the judgment in favor of the wife, the court held that the asserted declarations of the deceased were not valid substitutes for his designation of a beneficiary in the manner provided by Government Code, section 31782.

In this case, the decedent made a designation of beneficiary in the manner provided by law, but the designation so made was an ambiguous one. The situation is analogous to a will containing a latent ambiguity so that a court must look to

extrinsic evidence to ascertain the true intention of the testator. Probate Code, sections 101, 105; *Estate of Nunes,* 123 Cal.App.2d 150 [266 P.2d 574]. In the instant case, the court properly considered the circumstances under which the ambiguous designation was made and reached a conclusion which cannot be disturbed without infringing on the function of the trial court.

As to the second issue, appellant relies chiefly on the rule that the pleadings may not be amended to contradict an admission made in the original pleadings. As recently pointed out in *Meyer* v. *State Board of Equalization,* 42 Cal. 2d 376 at pages 386 and 387 [267 P.2d 257], the rule is not without exception. ''Such an amendment may be allowed where it is clearly shown that the earlier pleading is the result of mistake or inadvertence (citing cases).... 'It is a well-established rule which is founded on good reason and justice that a court should exercise great liberality in permitting amendments of pleadings at any and all stages of the trial to present adequately all issues which are properly involved in the litigation.' '' Code of Civil Procedure, section 473. The question of whether an amended pleading should be allowed at the time of trial as well as what matters may be raised rest in the sound discretion of the trial court. (*Simone* v. *McKee,* 142 Cal.App.2d 307 [298 P.2d 667].) Under Code of Civil Procedure, section 469, even variances of pleading and proof are to be disregarded unless they mislead the adverse party to his prejudice. Appellant has not shown here how she had been misled. Errors and defects in pleadings which do not affect substantial rights of the parties must be disregarded. (Code Civ. Proc., § 475.) A party should be allowed to correct a pleading made as the result of mistake or inadvertence. (*Lamoreux* v. *San Diego etc. Ry. Co.,* 48 Cal.2d 617 [311 P.2d 11].) The instant case falls within the exception to the rule and the amendment was properly allowed.

There is also no merit in appellant's final contentions relating to the judgment. The judgment was authorized by the pleadings as amended, and is supported by the findings.

Judgment affirmed.

Dooling, J., and Draper, J., concurred.