[Civ. No. 37869. First Dist., Div. One. Sept. 27, 1976.]

ELAINE CAIN et al., Plaintiffs and Appellants, v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, Defendant and Respondent.

COUNSEL

Bishop & Barry and Neil R. Bardack for Plaintiffs and Appellants.

Stone, O'Brien & Hammond, James D. Hammond and James A. Murphy for Defendant and Respondent.

OPINION

**ELKINGTON, J.**—On this appeal we are called upon to determine the appropriate statute of limitations, and the point at which it starts running, on an action for damages for violation of one's right to privacy. The latter question appears to be one of first impression.

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") had insured the automobile of plaintiff Bing Woo Jew ("Bing"). While occupied by Bing and plaintiff Elaine Cain ("Cain"), the vehicle was involved in an accident in which Cain was injured. In a subsequent action by Cain against Bing his conflicting stories created an issue as to who was the car's driver. Cain contended that she could not have been the driver because she did not know how to drive. State Farm thereafter conducted surveillance which, according to that party, revealed Cain "to leave her apartment, walk several blocks to a tryst with [Bing], and from there drive to an . . . motel." There followed the alleged invasion of privacy of which Bing and Cain complain in the instant action.*

Plaintiffs Bing and Cain allege that they "first became aware of [the] invasion of privacy on *March 6th, 1971*" (italics added); their complaint is silent as to why the discovery was not, or could not reasonably have been, sooner made.

The instant action was filed by Cain and Bing on *May 14, 1971*. The alleged invasion of privacy appears to have occurred prior to *February 13, 1969*.

On the morning that the instant action was called for trial, March 5, 1975, State Farm moved, pursuant to Code of Civil Procedure section

---

*More of the early history of this case, the details of which are irrelevant to the issues of this appeal, may be found in *Cain* v. *State Farm Mut. Auto. Ins. Co.* (1975) 47 Cal.App.3d 783 [121 Cal.Rptr. 200].

597, that its special defense of the statute of limitations be tried before the other issues of the case. The motion was granted and following consideration of that issue alone, judgment was entered in favor of defendant State Farm. Plaintiffs Cain and Bing have appealed.

The alleged invasion of privacy antedated the here emphasized November 5, 1974, amendment of California's Constitution, article I, section 1, as follows: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, *and privacy*." (Italics added.) But there seems to be little question that at the time of its occurrence "an 'unreasonably intrusive' [private] investigation . . . [was] a tort for which damages are recoverable." (See *Noble* v. *Sears, Roebuck & Co.* (1973) 33 Cal.App.3d 654, 659 [109 Cal.Rptr. 269]; and see generally *White* v. *Davis* (1975) 13 Cal.3d 757 [120 Cal.Rptr. 94, 533 P.2d 222].)

We first consider the question of the applicable statute of limitations.

Code of Civil Procedure section 340, subdivision 3, provides a *one-year* statute of limitations for the commencement of actions "for injury to . . . one caused by the wrongful act or neglect of another, . . ."

It has repeatedly been held that this clause " 'was intended to embrace therein all infringements of personal rights as distinguished from property rights.' " (*Dept. of Mental Hygiene* v. *Hsu* (1963) 213 Cal.App.2d 825, 827 [29 Cal.Rptr. 244]; *Storey* v. *Shasta Forests Co.* (1959) 169 Cal.App.2d 768, 769 [337 P.2d 887, 70 A.L.R.2d 1086]; *Simons* v. *Edouarde* (1950) 98 Cal.App.2d 826, 828 [221 P.2d 203]; *Harp* v. *Ferrell* (1931) 115 Cal.App. 160, 161 [300 P. 978]; *Huntly* v. *Zurich General A. & L. Ins. Co.* (1929) 100 Cal.App. 201, 212 [280 P. 163].) One's right to privacy is patently such a personal right. And it was held in *Johnson* v. *Harcourt, Brace, Jovanovich, Inc.* (1974) 43 Cal.App.3d 880, 895-896 [118 Cal.Rptr. 370], that: "The applicable statute of limitations for tortious invasion of privacy is found in Code of Civil Procedure section 340, subdivision 3, which sets forth a one-year period during which the action may be filed." (And see *Belli* v. *Roberts Brothers Furs* (1966) 240 Cal.App.2d 284, 286, fn. 1 [49 Cal.Rptr. 625].)

 We accordingly hold that Code of Civil Procedure section 340, subdivision 3, prescribes the applicable statute of limitations in actions for violation of one's right to privacy.

But the question remains, whether the so-called *"rule of discovery"* attends the statute in such a case.

The terminology is often misleading, as it seems to have been in the proceedings below. ■ Under that rule the statute does not necessarily commence running upon discovery of the cause of action; instead "the cause of action does not accrue until the plaintiff knows, *or should know,* all material facts essential to show the elements of that cause of action." (*Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 190 [98 Cal.Rptr. 837, 491 P.2d 421]; italics added, fn. omitted.) It is in this sense that we hereafter use the term "rule of discovery."

It is said that "there appears to be a definite trend toward the discovery rule and away from the strict rule in respect of the time for the accrual of the [Code Civ. Proc., § 340, subd. 3] cause of action for personal injuries." (*Warrington* v. *Charles Pfizer & Co.* (1969) 274 Cal.App.2d 564, 567 [80 Cal.Rptr. 130]; fn. omitted.)

Following this trend it has been held that the statute of limitations does not run until the act causing the personal injuries is discovered, or with reasonable diligence should have been discovered. Some illustrations are actions for: an accountant's malpractice (*Moonie* v. *Lynch* (1967) 256 Cal.App.2d 361, 365-366 [64 Cal.Rptr. 55]); injuries from negligently manufactured or marketed drugs (*Warrington* v. *Charles Pfizer & Co., supra,* p. 567, and see authority there collected); personal injuries caused by a violation of duty arising ex contractu (*Allred* v. *Bekins Wide World Van Services* (1975) 45 Cal.App.3d 984, 988 [120 Cal.Rptr. 312]); personal injuries based on products liability (*G. D. Searle & Co.* v. *Superior Court* (1975) 49 Cal.App.3d 22, 25 [122 Cal.Rptr. 218]); economic injury attending attorneys' malpractice (*Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand, supra,* 6 Cal.3d 176).

Some general, but nevertheless relevant, authority on the subject follows. " 'It is manifestly unrealistic and unfair to bar a negligently injured party's cause of action before he has had an opportunity to discover that it exists" (*Warrington* v. *Charles Pfizer & Co., supra,* 274 Cal.App.2d 564, 569); "statutes of limitations should 'not be interpreted in a manner which will result in a right being lost before it accrues' " (*Arndt* v. *Workers' Comp. Appeals Bd.* (1976) 56 Cal.App.3d 139, 145-146 [128 Cal.Rptr. 250]); "the cause of action in tort does not accrue until the client both sustains damage, and discovers, or should discover, his cause

of action" (*Budd* v. *Nixen* (1971) 6 Cal.3d 195, 203 [98 Cal.Rptr. 849, 491 P.2d 433]; fn. omitted); and statutes of limitations are " ' "intended to run against those who are neglectful of their rights, and who fail to use reasonable and proper diligence in the enforcement thereof" ' " (*Howe* v. *Pioneer Mfg. Co.* (1968) 262 Cal.App.2d 330, 346 [68 Cal.Rptr. 617]).

This authority is persuasive. ■ We hold that the rule of discovery attends Code of Civil Procedure section 340, subdivision 3, in its application to actions for damages for violation of the right of privacy.

Since the superior court had expressly determined that the rule of discovery was inapplicable to plaintiffs' action the judgment must be reversed and the cause remanded for further proceedings.

Our holding is confined to the questions presented for our determination, i.e., the appropriate statute of limitations, and the point at which it starts running, in actions for violation of one's right to privacy. We have not determined whether plaintiffs have stated a cause of action or have alleged or established the necessary diligence to make the rule of discovery operative. And our factual recitals have, of course, been taken from unproved allegations found in the record.

■ There is another contention of plaintiffs. On the morning, March 5, 1975, set for trial of the action they moved to amend their already amended complaint to cover alleged conduct of State Farm during the period February 13, 1969, to August 14, 1970. The motion was unsupported by affidavits or other proof. And no reason was given in mitigation of the untimeliness of the motion, which was made about 16 months after discovery of the alleged subsequent conduct of State Farm. State Farm objected, contending that further research and investigation would be required, necessitating a continuance of the trial. The superior court denied the motion, and error and abuse of discretion are charged.

We observe neither error nor abuse of discretion. " 'A long unexcused delay may be the basis for denying permission to amend pleadings . . . especially where the proposed amendment interjects a new issue . . . which may require further investigation or discovery procedures . . . .' " (*Rainer* v. *Community Memorial Hosp.* (1971) 18 Cal.App.3d 240, 258 [95 Cal.Rptr. 901]; and see *Nelson* v. *Specialty Records, Inc.* (1970) 11 Cal.App.3d 126, 139 [89 Cal.Rptr. 540], and authority there collected.) "The question of whether an amended pleading should be allowed at the

time of trial as well as what matters may be raised rest in the sound discretion of the trial court." (*Redingler* v. *Youle* (1958) 157 Cal.App.2d 596, 602 [321 P.2d 509].)

The judgment is reversed, and the cause is remanded to the superior court for further proceedings not inconsistent with our holdings.

Molinari, P. J., and Sims, J., concurred.

A petition for a rehearing was denied October 20, 1976, and respondent's petition for a hearing by the Supreme Court was denied November 24, 1976.