Filed 6/22/20; Certified for Partial Publication 7/8/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| CHRISTI MCALPINE, | C088327 |
| Plaintiff and Appellant, | (Super. Ct. No. SC20160157) |
| v. | |
| DANIEL A. NORMAN, | |
| Defendant and Respondent. | |

Plaintiff Christi McAlpine (McAlpine) filed a medical malpractice action against defendant Dr. Daniel A. Norman (Norman) for injuries she suffered as a result of colonoscopies performed on her in 2015. In 2018, with trial approaching, Norman filed a summary judgment motion, supported by a declaration from an expert who reviewed McAlpine's medical records, and opined that Norman's actions were within the standard of care. McAlpine opposed the motion, but did not submit a competing expert opinion. While the summary judgment motion was pending, McAlpine sought leave to amend her complaint. The trial court denied leave to amend and granted summary judgment.

1

McAlpine appeals the grant of summary judgment and the order denying her motion for leave to amend, arguing that the expert declaration presented in support of the motion for summary judgment was conclusory and insufficient to meet the initial burden for summary judgment. She also argues that the trial court abused its discretion in denying her request for leave to amend.

We find no abuse of discretion in the order denying leave to amend, but agree the trial court improperly granted summary judgment based on an expert opinion unsupported by factual detail or reasoned explanation. Accordingly, we reverse the grant of summary judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On September 14, 2015, Norman performed an elective outpatient colonoscopy on McAlpine at Barton Memorial Hospital (the hospital). Although the procedure was terminated early due to inadequate preparation by the patient, Norman was able to determine that McAlpine had at least two polyps. Norman advised McAlpine to repeat the preparation and return the following day for a second colonoscopy.

On September 15, 2015, Norman performed the second colonoscopy. McAlpine's preparation was "adequate" and the views were "good." According to the procedure notes, Norman passed the endoscope through the anus without difficulty under direct visualization and advanced to the cecum and ileocecal valve. Norman found and removed four polyps—two via "cold biopsy and polypectomy" and two via "snare cautery polypectomy." At the end of the procedure, Norman withdrew the scope and "carefully examined" the mucosa.

On September 19, 2015, McAlpine returned to the hospital with complaints of sharp abdominal pain. She ultimately was diagnosed with a perforation of her colon secondary to her colonoscopy. The recommended treatment was removal of her sigmoid colon, with a possible colostomy. The following day, McAlpine underwent emergency surgery. According to her medical records, McAlpine was found to have a one and a half

2

centimeter perforation of her sigmoid colon with fecal peritonitis (inflammation of the peritoneal cavity caused by infection). Her surgery resulted in a sigmoid colectomy, a colostomy, a hepatorrhaphy (due to a laceration of her liver), and a splenectomy (due to a laceration of her spleen). After surgery, McAlpine experienced various complications, which required numerous additional surgeries.

On September 13, 2016, McAlpine, acting in propria persona, filed a complaint against Norman and the hospital (defendants).[1] The complaint included a single cause of action for professional negligence, alleging defendants failed to use the level of skill, knowledge, and care that reasonably careful medical practitioners would have used in the same or similar circumstances and, as a result, her "colon was perforated and/or she was otherwise harmed," causing physical and emotional injuries. Norman answered the complaint in June of 2017, and commenced discovery shortly thereafter.

On February 15, 2018, Norman filed a motion for summary judgment (or, in the alternative, summary adjudication).[2] In his motion, Norman argued that no triable issue of material fact existed as to whether Norman's care and treatment of McAlpine was within the applicable standard of care. In support of the motion, Norman filed a declaration by his retained gastroenterology expert, Dr. John P. Cello (Cello). Cello's declaration states he reviewed McAlpine's hospital records and, "[b]ased upon my review of the records, my knowledge, education, training and experience, it is my opinion that [Norman] was within the standard of care at all times while caring for [McAlpine]." Cello further opined that "Norman was not negligent and did not fall below the standard

---

[1] In or about September 2017, McAlpine retained an attorney to help her. According to the notice of limited scope representation form, the attorney agreed to represent McAlpine "on all facets of litigation," up to trial, except for matters that, based on the attorney's distant location, would be unduly burdensome.

[2] Although not relevant here, the hospital also moved for summary judgment, which was granted.

of care in his care of Mr. McAlpine [*sic*] during the colonoscopies." Cello noted that McAlpine "unfortunately developed a perforation in the colon," but declared that this was a "known risk of a colonoscopy" and McAlpine was aware of the risk as she signed an informed consent form specifically describing that risk.

In her opposition, McAlpine argued that Norman failed to meet his initial burden for summary judgment because the motion addressed only whether it was below the standard of care for Norman to perforate the colon, ignoring her other key theory of negligence, i.e., that Norman breached his duty to check for possible perforations before ending the procedure. McAlpine's opposition did not include a declaration from an opposing expert.

On June 21, 2018, after Norman filed his motion for summary judgment, but before the hearing, McAlpine moved for leave to amend her complaint. Specifically, she sought to include a new defendant, Dr. Kimberly Evans (Evans), who lacerated McAlpine's liver and spleen during the emergency surgery, resulting in the hepatorrhaphy and splenectomy. McAlpine also sought leave to allege (1) a new cause of action against Norman for improperly delegating to his staff the duty to obtain informed consent, and (2) additional factual allegations supporting her existing malpractice claim against Norman based on his failure to properly examine McAlpine's colon for perforations prior to terminating the procedure. Norman opposed the motion.

In July 2018, the trial court issued a tentative ruling denying McAlpine's motion for leave to amend because (1) McAlpine was dilatory in seeking the amendments; (2) the proposed amendments did not involve new facts or evidence; and (3) the defendants would be unfairly prejudiced if the motion were granted. McAlpine did not request oral argument and the trial court adopted the tentative ruling as its final order.

On August 10, 2018, the trial court heard Norman's summary judgment motion. The court granted the motion, ruling that Norman's evidence, including the declaration of expert witness Cello, was sufficient to show that Norman met the standard of care and

4

shifted the burden of production to McAlpine to establish a triable issue of fact. Because McAlpine provided no expert testimony to contradict Cello's declaration, the court ruled that McAlpine failed to meet her burden. The court entered judgment dismissing the claims against Norman, from which McAlpine timely appeals.

DISCUSSION

I

*Grant of Summary Judgment*

A defendant moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that the defendant is entitled to judgment as a matter of law. (*Simmons v. Superior Court* (2016) 7 Cal.App.5th 1113, 1124; Code Civ. Proc., § 437c, subd. (c).)[3] Initially, the defendant has the burden to show, as to each claim, that one or more elements of the cause of action cannot be established or that there is a complete defense to that action. (§ 437c, subd. (p)(2); *Doe v. Good Samaritan Hospital* (2018) 23 Cal.App.5th 653, 661 (*Good Samaritan*); *Lopez v. Superior Court* (1996) 45 Cal.App.4th 705, 717.) If the defendant makes the required showing, the burden shifts to the plaintiff to make a prima facie showing that there exists a triable issue of material fact. (*Simmons, supra*, at p. 1124; *Zoran Corp. v. Chen* (2010) 185 Cal.App.4th 799, 805.)

On appeal, we independently review the record that was before the trial court to determine whether the facts give rise to a triable issue of material fact. (*A-H Plating, Inc. v. American National Fire Ins. Co*. (1997) 57 Cal.App.4th 427, 433-434.) In making this determination, the moving party's evidence is strictly construed, while the opposing party's evidence is liberally construed. (*Id*. at p. 434.) Because summary judgment is a drastic measure that deprives the losing party of a trial on the merits, summary judgment

---

[3]    Undesignated statutory references are to the Code of Civil Procedure.

5

may not be granted unless it is clear there are no triable issues of material fact. (*Johnson v. Superior Court* (2006) 143 Cal.App.4th 297, 304 (*Johnson*).)

At issue here is whether there is a triable issue of fact as to whether Norman's treatment of McAlpine fell below the standard of care. The standard of care for physicians is the reasonable degree of skill, knowledge, and care ordinarily possessed and exercised by members of the medical profession under similar circumstances. (*Landeros v. Flood* (1976) 17 Cal.3d 399, 408.) Because this is a matter peculiarly within the knowledge of experts, expert opinion testimony normally is required to prove or disprove that the defendant breached the standard of care. (*Johnson, supra*, 143 Cal.App.4th at p. 305.)

In support of his summary judgment motion, Norman presented the declaration of his expert, Cello, to establish that Norman's treatment of McAlpine was within the standard of care. When McAlpine failed to contradict this evidence with competing expert testimony, the trial court granted summary judgment. McAlpine argues the trial court erred in granting summary judgment because the Cello declaration, even if unrebutted, is legally insufficient to meet Norman's initial burden for summary judgment. We agree.

To be entitled to summary judgment, Norman had the initial burden to present evidence that would require a reasonable trier of fact to find that Norman's treatment of McAlpine was within the standard of care, thereby negating an essential element of McAlpine's negligence claim. (*Kids' Universe v. In2Labs* (2002) 95 Cal.App.4th 870, 878-879.) If Norman failed to meet his initial burden, the motion must be denied. (*Johnson, supra*, 143 Cal.App.4th at p. 305.)

Norman argues that he met his burden of proof by submitting the expert declaration from Cello, who opined, based on his review of the medical records, that Norman was not negligent and was "within the standard of care at all times." But "[t]he law is clear that [the] moving party's burden . . . cannot be satisfied by an expert

6

declaration consisting of ultimate facts and conclusions that are unsupported by factual detail and reasoned explanation, even if it is admitted and unopposed." (*Good Samaritan, supra*, 23 Cal.App.5th at pp. 657.) " ' " '[B]ecause an expert opinion is worth no more than the reasons and facts on which it is based,' " ' " an expert opinion rendered without a reasoned explanation of why the underlying facts lead to the ultimate conclusion has no evidentiary value. (*Id*. at p. 662.)

In *Good Samaritan*, the Court of Appeal held that summary judgment should not have been granted on a minor's claim that a hospital was negligent in housing him with a roommate who sodomized him. (*Good Samaritan, supra*, 23 Cal.App.5th at pp. 656-657.) In support of a motion for summary judgment, the hospital lodged an unrebutted expert declaration from a nurse stating, based on a review of the hospital's records, that the hospital's conduct met the standard of care at all times during the care and treatment of the minor. (*Id*. at pp. 659-660, 665.) In reversing the judgment, the appellate court concluded that the expert's declaration was legally insufficient to shift the burden to the plaintiff to show a triable issue of material fact because it was conclusory and lacked any meaningful explanation of the applicable standard of care and the conduct required to meet it. (*Id*. at pp. 656, 664-665.) In reaching this conclusion, the Court of Appeal cited *Kelley v. Trunk* (1998) 66 Cal.App.4th 519 (*Kelley*) and *Johnson, supra*, 143 Cal.App.4th 297. (*Good Samaritan*, at pp. 663-664.)

In *Kelley*, a patient sued physicians, alleging that he suffered neurological damage and other injuries as a result of negligent medical care after being treated for a laceration on his arm. (*Kelley, supra*, 66 Cal.App.4th at p. 521.) The defendants moved for summary judgment, submitting the expert declaration of another doctor who, after reviewing the medical records and relating the patient's treatment, stated that " '[a]t all times [the treating physician] acted appropriately and within the standard of care under the circumstances presented.' " (*Id*. at p. 522.) The expert "did not further elaborate upon or explain the basis for his opinion." (*Ibid*.) The trial court granted summary

7

judgment, but the Court of Appeal reversed. (*Id*. at pp. 523, 525.) Even though the expert's declaration was admitted into evidence due to the plaintiff's failure to object (*id*. at p. 524), the appellate court held that the standard for summary judgment is "not satisfied by laconic expert declarations which provide only an ultimate opinion, unsupported by reasoned explanation." (*Id*. at p. 525.)

This court followed the reasoning of *Kelley* in *Johnson, supra*, 143 Cal.App.4th 297. In *Johnson*, a patient sued his physicians for malpractice, alleging that he was injured by excessive use of radiation during his treatment for prostate cancer. (*Id*. at pp. 299-300, 306.) The physicians moved for summary judgment, relying on a conclusory expert declaration stating that what was done was within the standard of care. (*Id*. at p. 306.) The trial court granted summary judgment because it found the plaintiff's competing expert declaration inadequate. (*Id*. at p. 299.)

We held that the bare conclusion of the defendants' expert, unsupported by reasons or explanations, was insufficient to show the defendants acted within the standard of care. (*Johnson, supra*, 143 Cal.App.4th at pp. 305, 307; see also *Pacific Gas & Electric Co. v. Zuckerman* (1987) 189 Cal.App.3d 1113, 1135 [value of opinion evidence rests not in the conclusion reached but in the factors considered and the reasoning employed].) Since a patient could be harmed by receiving too much radiation, an expert opinion that does not set forth the standard for determining a safe amount of radiation is legally insufficient to show the standard of care was met. (*Johnson, supra*, at p. 308.) And because the defendants did not meet their initial burden of production, they were not entitled to summary judgment, regardless of the adequacy of the plaintiff's opposition. (*Id*. at pp. 305, 308.) We reach the same conclusion here.

The expert declaration presented by Norman amounts to little more than a bare statement that McAlpine's treatment was within the standard of care. It does not elaborate or explain *why* Norman's treatment was within the standard of care, except to suggest that a perforation is a "known risk of a colonoscopy," of which McAlpine was

8

aware, having signed an informed consent form before the procedure. Norman's position appears to be that since a perforated colon is a known risk of the procedure, the perforated colon suffered by McAlpine necessarily was within the standard of care. This does not follow.

As McAlpine argues, one of her central theories of liability was that Norman negligently failed to check for a perforation before terminating the colonoscopy.[4] As the party moving for summary judgment, Norman had the burden to show he is entitled to judgment as a matter of law on any theory of liability reasonably embraced within the allegations of McAlpine's complaint. (*Good Samaritan, supra*, 23 Cal.App.5th at pp. 662-663; accord, *Lopez v. Superior Court, supra*, 45 Cal.App.4th at p. 717.) Cello's declaration does not even address this theory of liability. It does not set forth the standard for determining whether a perforation—a known risk—has occurred, or what conduct is required to meet it.[5] The declaration concludes that Norman's treatment was at all times within the standard of care, but fails to elaborate upon or explain the basis for this conclusion. Strictly construing the Cello declaration, as we must, we conclude it was not sufficient to meet Norman's initial burden to establish the nonexistence of a triable issue of material fact. (*Johnson, supra*, 143 Cal.App.4th 297; *Kelley, supra*, 66

---

[4] To the extent Norman suggests this issue is outside the scope of the complaint, we disagree. Because negligence may be pleaded in general terms, it is sufficient to allege an act was negligently done without stating the particular omission which rendered it negligent. (*Hahn v. Mirda* (2007) 147 Cal.App.4th 740, 747-748; *Crouse v. Brobeck, Phleger & Harrison* (1998) 67 Cal.App.4th 1509, 1532.) The complaint here alleged that Norman negligently performed the colonoscopy procedure. That allegation was sufficient to encompass both the theory that Norman negligently perforated her colon and that Norman negligently failed to check whether her colon was perforated.

[5] We also note that just because a perforation may occur in the absence of negligence does not mean any perforation suffered by McAlpine was within the standard of care.

Cal.App.4th at pp. 524-525; *Good Samaritan, supra*, 23 Cal.App.5th at pp. 662, 664-666.) Accordingly, the trial court erred in granting summary judgment.

## II

### *Motion for Leave to Amend the Complaint*

McAlpine sought leave to amend her complaint to include additional allegations against Norman and to allege a new cause of action against the physician (Evans) responsible for lacerating her liver and spleen during the emergency surgery to address the perforation. McAlpine acknowledged the delay between the filing of her original complaint and her motion to amend, but argued the delay was reasonable because of her ongoing memory loss and because her attorney was unable to complete review of the medical records until March 2018. The trial court denied the motion. On appeal, McAlpine argues that the trial court erred in denying her request for leave to amend.[6]

A trial court has wide discretion in allowing amendment of any pleading, and its ruling will be upheld unless a manifest or gross abuse of discretion is shown. (§ 473, subd. (a)(1); *Bedolla v. Logan & Frazer* (1975) 52 Cal.App.3d 118, 135-136; *Record v. Reason* (1999) 73 Cal.App.4th 472, 486.) Even if the reviewing court might have ruled otherwise if it were deciding the issue in the first instance, a trial court's order will not be reversed unless, as a matter of law, it is not supported by the record. (*M&F Fishing, Inc. v. Sea-Pac Ins. Managers, Inc.* (2012) 202 Cal.App.4th 1509, 1534.)

While, as a general rule, leave to amend is liberally granted, denial has been upheld when the proposed amendment clearly lacks merit, when there has been an unreasonable or unexplained delay in presenting the amendment, or when the amendment will prejudice the opposing party. (See, e.g., *Falcon v. Long Beach Genetics, Inc.* (2014) 224 Cal.App.4th 1263, 1280 [denial justified when the party has not been diligent in

---

[6] The trial court's order, although not itself appealable, is reviewable on appeal from the judgment. (§ 906; *Jennings v. Marralle* (1994) 8 Cal.4th 121, 128.)

offering an amendment despite knowledge of the facts]; *McGee Street Productions v. Workers' Comp. Appeals Bd.* (2003) 108 Cal.App.4th 717, 724 [denial justified when amendment seeks to add a new defendant after the statute of limitations has run]; *Congleton v. National Union Fire Ins. Co.* (1987) 189 Cal.App.3d 51, 62 [denial justified when proposed amendment fails to state facts sufficient to constitute a cause of action]; *Cain v. State Farm Mut. Auto. Ins. Co.* (1976) 62 Cal.App.3d 310, 315 [denial justified when unwarranted delay will prejudice the opposing party, such as by delaying trial or requiring additional discovery].)  It is the appellant's burden to demonstrate an abuse of discretion.  (*Fair v. Bakhtiari* (2011) 195 Cal.App.4th 1135, 1147.)

We find no abuse of discretion in the trial court's decision to deny McAlpine leave to allege a new cause of action against Norman for failing to obtain informed consent. The issue of informed consent (or lack thereof) was a known issue throughout the litigation; it was alleged as an affirmative defense in Norman's answer filed in June 2017, was specifically discussed at McAlpine's December 4, 2017 deposition, and was the subject of McAlpine's January 2018 written discovery.  Yet McAlpine did not seek leave to amend until June of 2018, after Norman moved for summary judgment and only a few months before the October 1, 2018 date of trial.  McAlpine has failed to offer any satisfactory explanation for the delay, and Norman would have been unfairly prejudiced by the added costs of discovery and preparation for trial (and likely delay in trial) if the amendment had been allowed.  Thus, the court did not abuse its discretion.[7]

---

[7]    As an alternative ground, we conclude the proposed amendment fails to state facts sufficient to constitute a cause of action.  McAlpine seeks leave to allege that Norman breached his duty to obtain informed consent by discussing the risks and benefits of the procedure with her.  But McAlpine admits she signed informed consent forms identifying perforation as a known risk of the procedure, and that a member of Norman's medical staff discussed the risks and benefits of the procedure with her.  We do not agree that these facts are sufficient to state a claim against a physician for failure to obtain informed consent.  (See *Piedra v. Dugan* (2004) 123 Cal.App.4th 1483, 1497.)

11

We similarly find no abuse of discretion in the trial court's refusal to grant McAlpine leave to allege a new cause of action against Evans for lacerating her liver and spleen. First, although McAlpine claims she did not become aware of these injuries until March or April of 2018, her discovery responses show that she was aware of the removal of her spleen and the injury to her liver, and of Evans's role in the emergency surgery, since at least October of 2017. In her declaration opposing summary judgment, McAlpine specifically declares, "At the time [I filed my operative complaint], I was unsure whether the removal of my spleen and the laceration of my liver would be the responsibility of NORMAN . . . or whether such injuries would be separate and apart from the colonoscopy." Being uncertain whether Evans was legally responsible for the injuries does not excuse her decision not to name Evans as a defendant in her complaint.

Second, even if we assume McAlpine was unaware of the lacerations to her liver and spleen until March or April of 2018, the proposed amendment would have alleged an entirely new cause of action, against a new defendant, based on different facts from those alleged in the original complaint. The proposed amended complaint would present an entirely new claim based on a separate injury caused by a separate alleged act of malpractice, which would not relate back to the facts alleged in the original complaint, which involves only the colonoscopies. (*Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 176; *Wiener v. Superior Court* (1976) 58 Cal.App.3d 525, 528-529.) Given the short amount of time before trial, we conclude the trial court did not abuse its discretion in refusing to grant McAlpine leave to allege this new claim. (*Magpali v. Farmers Group, Inc.* (1996) 48 Cal.App.4th 471, 486-488.)

We also find no abuse of discretion in refusing leave to allow McAlpine to buttress her existing negligence claim against Norman based on his alleged failure to screen for a perforation. While an amendment might have been helpful to better frame the issues in the pleadings, it was not strictly necessary. (See fn. 4, *ante*.) Accordingly,

12

we find no abuse of discretion in the trial court's decision to deny McAlpine's motion for leave to amend.

## DISPOSITION

We conclude the trial court did not abuse its discretion in denying the motion for leave to amend, and affirm the order denying that motion. We reverse the grant of summary judgment. The matter is remanded to the trial court for further proceedings. McAlpine shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)


        KRAUSE        , J.


We concur:


      ROBIE       , Acting P. J.


      RENNER     , J.

CERTIFIED FOR PARTIAL PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----


| | |
|---|---|
| CHRISTI MCALPINE, | C088327 |
| Plaintiff and Appellant, | (Super. Ct. No. SC20160157) |
| v. | ORDER CERTIFYING OPINION FOR PARTIAL PUBLICATION |
| DANIEL A. NORMAN, | |
| Defendant and Respondent. | [Cal. Rules of Court, rules 8.1105, 8.1110] |


APPEAL from a judgment of the Superior Court of El Dorado County, C. Anders Holmer, Judge. (Retired judge of the Nevada County Super. Ct., assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Reversed in part and affirmed in part.

Nonprofit Legal Services, Inc., and Adam D. Dolce for Plaintiff and Appellant.

Schuering Zimmerman & Doyle, Lawrence S. Giardina, Ian A. Scharg; Cole Pedroza, Kenneth R. Pedroza, and Cassidy C. Davenport for Defendant and Respondent.


1

THE COURT:

The opinion in the above-entitled matter filed June 22, 2020, was not certified for publication in the Official Reports.  For good cause it now appears the opinion, with the exception of part II, should be published in the Official Reports and it is so ordered.

BY THE COURT:

_____ROBIE_____, Acting P. J.

_____RENNER_____, J.

_____KRAUSE_____, J.

2