Filed 7/15/24  Mireskandari v. Gilbert CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SHAHROKH MIRESKANDARI, | D081611 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2015-00029990-CU-FR-CTL) |
| LAURIE GILBERT et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy B. Taylor, Judge.  Affirmed.

Law Offices of Robert C. Moest and Robert C. Moest for Plaintiff and Appellant.

Wilson, Elser, Moskowitz, Edelman & Dicker, David S. Eisen, Adam LeBerthon, and David J. Aveni for Defendants and Respondents.


Shahrokh Mireskandari appeals the summary judgment on an invasion of privacy claim he asserted against Laurie Gilbert and her employer, Bird Marella Boxer Wolpert Nessim Drooks & Lincenberg PC (Bird Marella), based on their allegedly unlawful acquisition of information about his

undergraduate education.  The trial court ruled the claim was barred by the statute of limitations.  We agree and affirm.

I.

BACKGROUND

A.     *Mireskandari's Disbarment*

Mireskandari applied to become a solicitor in the United Kingdom in 1997 and was admitted to the Roll of Solicitors in 2000.  The Solicitors Regulatory Authority (SRA), which regulates and disciplines solicitors, initiated an investigation in 2008 into whether Mireskandari had made false representations on his application.  As part of that investigation, the SRA retained Bird Marella to obtain information about the dates Mireskandari attended two universities in the United States that he had listed in his application.  In September 2008, Gilbert, a paralegal at Bird Marella, accessed the National Student Clearinghouse (NSC) website to obtain the dates Mireskandari had attended the two universities and disclosed that information to the SRA.

In 2009, the SRA commenced a disciplinary proceeding against Mireskandari before the Solicitors Disciplinary Tribunal (SDT), which adjudicates alleged violations of rules and regulations by solicitors and their firms.  After hearings in April 2011 and May and June 2012, the SDT found Mireskandari had committed multiple acts of dishonesty and his continued practice posed a very significant risk to the public, and it struck him from the Roll of Solicitors in September 2012.  None of the allegations the SDT found had been proved against Mireskandari concerned the dates he attended the two universities in the United States about which Gilbert had obtained information.

B.    *Litigation*

On September 3, 2015, Mireskandari filed a civil action against Gilbert, Bird Marella, and another defendant who is not a party to this appeal. In the operative pleading, he alleged Gilbert, in her capacity as an employee of Bird Marella, made misrepresentations to gain access to his private and confidential educational records via NSC's website, concealed from him her efforts to gain such access, and shared the records with the SRA. Mireskandari further alleged the unauthorized access to and disclosure of his educational records caused him to be disbarred; to suffer reputational harm, humiliation, embarrassment, hurt feelings, and extreme mental distress; and to sustain losses of more than $500 million. Based on those allegations, Mireskandari sought compensatory and punitive damages on counts for invasion of privacy (Cal. Const., art. I, § 1) and intentional infliction of emotional distress.

The trial court sustained without leave to amend the demurrer of Gilbert and Bird Marella (collectively respondents) and entered a judgment of dismissal. On appeal, this court reversed the judgment and remanded the matter with directions to the trial court to vacate the order sustaining the demurrer without leave to amend and to enter a new order overruling the demurrer on the count for invasion of privacy and sustaining it without leave to amend on the count for intentional infliction of emotional distress. (*Mireskandari v. Gilbert* (July 23, 2020, as modified on Aug. 12, 2020, D074976) [nonpub. opn.].)

After the remittitur issued, respondents filed an answer in which they generally denied the allegations of the operative complaint and asserted several affirmative defenses, including the statute of limitations. They later moved for summary judgment on the grounds, among others, that the

3

invasion of privacy claim was barred by the two-year statute of limitations (Code Civ. Proc., § 335.1) and that Mireskandari could not establish the serious invasion element of the claim because obtaining the dates he attended certain universities was not an egregious breach of social norms.[1] In support of the motion, respondents submitted a copy of a complaint Mireskandari filed in a federal court action against NSC, in which he alleged he learned in 2012 through discovery from NSC that Gilbert, an employee of Bird Marella, had accessed his educational records without his authorization in 2008. Respondents also submitted copies of documents that NSC had produced to Mireskandari in discovery in the federal court action, which identified Gilbert as the person who requested the information and included a telephone number below her name. In a declaration supporting the motion, Gilbert stated the only information she had requested and received from NSC was Mireskandari's dates of attendance at two universities and she did not provide that information to anyone outside Bird Marella. A partner of Bird Marella submitted a declaration stating the only information the firm obtained from NSC about Mireskandari was his dates of attendance at two universities and that information was not shared outside the firm except with the SRA.

In opposition to the motion for summary judgment, Mireskandari agreed the limitations period was two years and conceded he "indeed learned in 2012 that an individual named Laurie Gilbert had unlawfully accessed his educational records through [NSC]." But he argued he "did not know learn

_____

[1] The elements of a claim for violation of the state constitutional right to privacy are: (1) "a specific, legally protected privacy interest"; (2) "a reasonable expectation of privacy"; and (3) an invasion that is "sufficiently serious in [its] nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." (*Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1, 35–37.)

4

[*sic*] *who Laurie Gilbert was*—in what city or country she was located, or for whom she worked—until November 2013, through settlement discussions with [NSC]." He also argued the documents produced by NSC in the federal court action on which respondents relied "do *not* identify her employer or any other affiliation." In opposition to respondents' argument that there was no invasion of privacy serious enough to support a tort claim, Mireskandari argued this court had rejected that argument in the prior appeal of the judgment of dismissal. With the opposition, he submitted a declaration stating: "I discovered that my educational records had been unlawfully accessed from [NSC]. I brought an action in Los An[g]eles [C]ounty Superior Court in April 2012 against the Daily Mail and the NSC. In December 2012 I learned that those records had been accessed by an individual named Laurie Gilbert, but I had no idea who she was, what country or city she lived in or who she worked for." Mireskandari further stated: "I did not discover until November or December of 2013, during settlement discussions with the NSC, that Laurie Gilbert was employed as a paralegal by Bird Marella."

In reply, respondents argued accrual of the invasion of privacy claim was not delayed until Mireskandari learned that Gilbert worked for Bird Marella, because the identity of the defendant is not an element of the claim. They also argued he could have learned her location or employer by calling the telephone number listed below her name on the documents NSC had produced in the federal court action, which is Bird Marella's main number. An attorney representing respondents submitted a declaration confirming the telephone number listed on the documents is Bird Marella's main number. The attorney also attached a portion of a reporter's transcript of an evidentiary hearing in an action Mireskandari had filed in Los Angeles

5

County Superior Court at which he testified that he knew in 2010 that Gilbert had accessed his educational records and that he had received an e-mail on October 18, 2012, that stated: "It appears [Mireskandari] had the information before settlement. I see Gilbert's name repeatedly here. A basic Google shows she is with Bird Marella."

The trial court held a hearing and granted respondents' motion for summary judgment. It ruled there was no triable issue of material fact on whether the invasion of privacy claim was barred by the two-year statute of limitations, because it was undisputed Mireskandari's claim accrued in 2012, when he learned Gilbert had accessed his educational records on the NSC website, but he did not file the claim until September 3, 2015. The court also ruled that obtaining the dates Mireskandari had attended two universities and providing that information to the SRA was not actionable as a violation of the constitutional right to privacy, because it was not highly offensive to a reasonable person and did not constitute an egregious breach of social norms. The court entered a judgment that Mireskandari take nothing from respondents.

II.

DISCUSSION

A.    *Mireskandari's Contentions*

Mireskandari contends the trial court erroneously ruled his claim for invasion of privacy is barred by the statute of limitations. He says the accrual date of a cause of action "is a classic question of fact for the jury." Mireskandari concedes he knew in 2012 that Gilbert had accessed his educational records, but asserts "he had no idea where she was, whether she had violated a law applicable at her location, and where she might be sued until November 2013," when he learned in settlement discussions with NSC

6

that she worked as a paralegal for Bird Marella.  Mireskandari further argues that in ruling the invasion of privacy was not serious enough to require a trial, the trial court erred by (1) relying on grounds this court rejected in the prior appeal from the judgment of dismissal, (2) resolving a factual dispute about whether Gilbert obtained only the dates he attended two universities or whether she obtained other educational records as well, and (3) implicitly finding he suffered no damages as a result of Gilbert's conduct.  Mireskandari asks us to reverse the judgment and to remand the matter for trial.

B.    *Standard of Review*

An order granting a summary judgment motion is reviewed de novo. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 404 (*Norgart*); *Berlanga v. University of San Francisco* (2024) 100 Cal.App.5th 75, 81.)  We view the evidence most favorably to the nonmoving party by drawing all inferences and resolving all doubts in that party's favor.  (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768; *Lin v. Kaiser Foundation Hospitals* (2023) 88 Cal.App.5th 712, 721.)  If the evidence so viewed shows there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law, we affirm.  (Code Civ. Proc., § 437c, subd. (c); *Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476; *Thompson v. Crestbrook Ins. Co.* (2022) 81 Cal.App.5th 115, 132.)  Otherwise, we reverse.  (*Lin*, at p. 715; *Perez v. City and County of San Francisco* (2022) 75 Cal.App.5th 826, 843.)

C.    *Statute of Limitations*

The parties agree a claim alleging violation of the state constitutional right of privacy (Cal. Const., art. I, § 1) must be filed within two years of accrual.  (See Code Civ. Proc., §§ 312 [civil action must be commenced within prescribed statutory period "after the cause of action shall have accrued"],

335.1 [prescribing two-year period for action for "injury to . . . an individual caused by the wrongful act or neglect of another"]; *Cain v. State Farm Mut. Auto. Ins. Co.* (1976) 62 Cal.App.3d 310, 313 (*Cain*) [holding prior statute prescribing one-year period for "actions 'for injury to . . . one caused by the wrongful act or neglect of another' " applied to common law "actions for violation of one's right to privacy"].)  They disagree on when the claim at issue on this appeal accrued.  Mireskandari contends it accrued in November 2013, when he first learned Gilbert worked for Bird Marella.  Respondents counter the claim accrued in 2012, when Mireskandari admitted he learned Gilbert had accessed his educational records.  We conclude respondents have the better argument.

A claim generally accrues, and the applicable limitations period begins to run, "when the cause of action is complete with all of its elements." (*Norgart, supra*, 21 Cal.4th at p. 397.)  An exception to the general rule is the discovery rule, which "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." (*Ibid.*)  Discovery of a claim occurs when the plaintiff "at least suspects a factual basis, as opposed to a legal theory, for its elements, even if he lacks knowledge thereof—when, simply put, he at least 'suspects . . . that someone has done something wrong' to him [citation], 'wrong' being used, not in any technical sense, but rather in accordance with its 'lay understanding.' " (*Id.* at pp. 397–398.)  To have the suspicion sufficient for accrual, the plaintiff need not know the specific facts needed to establish the cause of action; it is enough that the plaintiff has notice or information of circumstances that would put a reasonable person on inquiry.  (*Id.* at p. 398.)  "The discovery rule only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action."  (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 807 (*Fox*).)  "So long as a

8

suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1111 (*Jolly*).) The discovery rule has been applied to claims for invasion of privacy. (See *Montalti v. Catanzariti* (1987) 191 Cal.App.3d 96, 99–100 [civil penalty for violation of Invasion of Privacy Act (Pen. Code, § 630 et seq.)]; *Cain, supra*, 62 Cal.App.3d at p. 315 [common law action for damages].)

The record shows Mireskandari had enough information to put him on inquiry notice no later than December 2012. In the memorandum in opposition to the summary judgment motion, he stated he "indeed learned *in 2012* that an individual named Laurie Gilbert had *unlawfully accessed his educational records* through [NSC]." (Italics added.) In a declaration submitted in opposition to the motion, Mireskandari stated: "I discovered that *my educational records had been unlawfully accessed* from [NSC]. I brought an action in Los An[g]eles [C]ounty Superior Court in April 2012 against the Daily Mail and the NSC. *In December 2012* I learned that those records had been accessed by an individual named Laurie Gilbert, but I had no idea who she was, what country or city she lived in or who she worked for." (Italics added.) Mireskandari had been disbarred in the United Kingdom the previous September. Thus, by December 2012, Mireskandari had sufficient information to suspect, and in fact suspected, that "someone ha[d] done something wrong to [him]" concerning his educational records and their use in the proceeding that resulted in disbarment. (*Jolly, supra*, 44 Cal.3d at p. 1111.) That suspicion started the two-year limitations period running. (*Ibid.*)

Mireskandari could not further delay accrual of the invasion of privacy cause of action by claiming he did not learn until November 2013 who Gilbert was, where she lived, or for whom she worked. "[B]ecause the identity of the

9

defendant is not an element of any cause of action," the plaintiff's "failure to discover, or have reason to discover, the identity of the defendant does not postpone the accrual of a cause of action, whereas a like failure concerning the cause of action itself does." (*Norgart, supra*, 21 Cal.4th at p. 399.) If Mireskandari did not have to know even the identity of the defendant who allegedly unlawfully accessed his educational records for the statute of limitations to start running, he certainly did not have to know where the defendant lived or worked for it to start.

Even were knowledge of the identity of the defendant required to trigger the statute of limitations, Mireskandari admitted that by December 2012 he knew it was Gilbert who had allegedly unlawfully accessed his educational records. By then, he had been provided NSC documents that listed under Gilbert's name a telephone number that belonged to Bird Marella,[2] and he also had received an e-mail that stated that "[a] basic Google shows [Gilbert] is with Bird Marella." It does not matter that in 2012 Mireskandari "had no idea where she was, whether she had violated a law applicable at her location, and where she might be sued," as he asserts in his opening brief. "[A] limitations period dependent on discovery of the cause of action begins to run no later than the time the plaintiff learns, or should have learned, the *facts* essential to his claim. [Citations.] It is irrelevant that the plaintiff is ignorant of his legal remedy or the legal theories underlying his

---

[2] We reject Mireskandari's contention in his reply brief that he could not have discovered until November 2013 that Gilbert "had a 310 area code and therefore might have resided in California" because he did not see the NSC documents until then. The documents were produced to his attorneys in the federal court action on December 5, 2012. Their knowledge of the information in those documents is imputed to him under principles of agency. (Civ. Code, § 2332; *Lazzarevich v. Lazzarevich* (1952) 39 Cal.2d 48, 50; *Roche v. Hyde* (2020) 51 CalApp.5th 757, 797–798.)

cause of action." (*Gutierrez v. Mofid* (1985) 39 Cal.3d 892, 897–898.) "[P]laintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation." (*Fox, supra*, 35 Cal.4th at p. 808; see *Jolly, supra*, 44 Cal.3d at p. 1111 [plaintiff who suspects wrongdoing "must go find the facts" and "cannot wait for the facts to find her"].) Once Mireskandari learned Gilbert had unlawfully accessed his educational records, it was his duty to gather whatever additional information he needed to file suit within the limitations period. He did not.

In sum, we conclude undisputed evidence presented to the trial court showed Mireskandari's invasion of privacy claim against respondents accrued no later than December 2012. Because he did not sue them until September 3, 2015, the claim is barred by the two-year statute of limitations and the court correctly granted the motion for summary judgment. (Code Civ. Proc., §§ 335.1, 437c, subds. (c), (p)(2); *Norgart, supra*, 21 Cal.4th at p. 405; *State Comp. Ins. Fund v. Department of Ins.* (2023) 96 Cal.App.5th 227, 234.)

D.    *Other Issues*

11

Our determination the trial court correctly relied on the statute of limitations to grant the motion for summary judgment makes it unnecessary for us to consider Mireskandari's challenge to the alternative ground on which the court relied, namely, that he could not establish the alleged invasion of privacy was serious enough to be actionable. We also need not, and do not, address the other grounds respondents offer for affirming the judgment. (See, e.g., *Coalition for L.A. County Planning etc. v. Board of Supervisors* (1977) 76 Cal.Ap.3d 241, 246 ["an appellate court will not ordinarily consider issues not necessary to its decision"].)

III.

DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

IRION, J.

WE CONCUR:

McCONNELL, P. J.

BUCHANAN, J.

12
